IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES KUHN<br>5 Hartford View Drive<br>Port Deposit, Maryland 21904<br><br>    Plaintiff,<br><br>v.<br><br>KONA GRILL, INC.<br>c/o Christi Hing<br>Marcus Jundt<br>15059 N. Scottsdale Rd., Suite 300<br>Scottsdale, Arizona 85254<br><br>    Defendant. | Civil Case No. _____<br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff, James Kuhn ("Plaintiff"), by and through his attorneys, Jeffrey M. Schwaber and Stein Sperling Bennett De Jong Driscoll PC, hereby sues and demands judgment against Kona Grill, Inc. ("Defendant" or the "Company"), stating as follows:

## INTRODUCTION

This case is about the failure of a business to pay promised wages owed to an employee that it fired, despite a contractual and statutory duty to do so. When pressed for payment, the Company refused, with impunity, and continues to withhold Plaintiff's wages without bona fide basis or lawful excuse.

## PARTIES

1.    Defendant is, and has been at all times relevant hereto, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

1

in Scottsdale, Arizona. By, among other things, owning and operating a restaurant, Kona Grill, in Baltimore, Maryland, Defendant carries on a regular business in the State of Maryland.

2. Plaintiff is, and has been at all times relevant hereto, an individual who is domiciled in the State of Maryland. Plaintiff was employed by Defendant from December 2017 through November 2018, first as its Chief Operating Officer and then in addition became the Chief Executive Officer and President of the Company.

3. Plaintiff conducted many of his employment activities from within the State of Maryland. When Plaintiff was not conducting site visits to Defendant's 44 locations—*including one restaurant located in Baltimore, Maryland*—Defendant allowed Plaintiff to work as needed from his office in Cecil County, Maryland, wherefrom Plaintiff initiated necessary telephone calls and electronic mail correspondence, and performed other computer and research functions, that were central to performing his employment duties.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is based on 28 U.S.C. § 1332(a).

5. Venue is proper under 28 U.S.C. § 1391(b).

## FACTS

6. In the late 1990s, Defendant launched in Scottsdale, Arizona, its first location of what was soon-to-be an Asian fusion restaurant chain. Over the next two decades, the Company experienced some success and growth, and its restaurant chain expanded throughout the United States.

7. Then the recession hit. Led by Defendant's co-founder and Chief Executive Officer, Marcus Jundt, Defendant barely survived the economic downturn with, in 2009, same-

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6356396_1

store sales falling, losses widening and the Company's stock price plummeting into the low single digits.

8. Thus, upon information and belief, at the urging of dissatisfied investors, Berke Bakay was named to replace Mr. Jundt as Chief Executive Officer.

9. With Mr. Jundt out of the driver's seat, Mr. Bakay began to turn things around. He improved Defendant's same-store sales and the Company's stock price more than quadrupled between 2012 and 2015.

10. Mostly between 2015 and 2017, Defendant substantially increased its number of restaurants from 22 locations to 46. However, it eventually would become clear that Defendant neither was prepared nor able to keep up with its rapid growth that proved both poorly planned and recklessly executed by the Company's then-leadership team.

11. By end of 2017, Defendant's financial position again became precarious as it made its way to breaching its covenants with its financial institutions for the fourth straight quarter.

12. In hopes of revitalizing its brand, Defendant hired Plaintiff, a professional restaurateur with over twenty years of high-level experience, to join the Company in his role as Chief Operating Officer.

13. As Plaintiff's remuneration for the job, Defendant promised Plaintiff an initial annual base salary of Two Hundred Eighty Thousand Dollars ($280,000.00), in addition to a performance-based bonus that was considered earned upon the achievement of certain identified benchmarks. Plaintiff also was to receive other delineated fringe benefits, including health insurance and four weeks of vacation, among others.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

6356396_1

14. As Defendant's new Chief Operating Officer, Plaintiff's marching orders were to address the plummeting financial condition of Defendant's business, and quickly create cost saving measures that would increase the Company's overall profitability. With Plaintiff at the reins, in the first quarter of 2018, Defendant met its financial covenants for the first time in over a year. Profitability went up 66% for the first through third quarters of 2018, with Defendant operating successfully and profitably as a going concern.

15. From the very beginning, Plaintiff provided Defendant's leadership team with real-time updates. For example, Plaintiff sent a *daily* e-mail to Defendant's Chief Executive Officer and Chief Financial Officer, among others, which included, for example, Plaintiff's specific plans for cost-cutting and then prompt follow-up as to the implementation, receptiveness and success of each specific measure. Weekly, Plaintiff sent the executive team a newsletter that provided updates on all ongoing projects and upcoming changes. He also met bi-weekly with Defendant's Chief Financial Officer and Chief Executive Officer, to keep everyone abreast of ongoing operational decisions and plans.

16. In a press release dated August 9, 2018, Defendant publicly praised Plaintiff for "doing a remarkable job during his tenure … improving the profitability of its restaurants." In fact, in August 2018, confident that Defendant would "thrive under [Plaintiff's] leadership," Defendant promoted Plaintiff, expanding Plaintiff's title beyond Chief Operating Officer to include Chief Executive Officer and President of the Company as well.

17. Plaintiff's promotion was memorialized by the Kona Grill, Inc. Employment Agreement executed by and between Plaintiff and Defendant, effective September 4, 2018 (the "Agreement"), which, among other things, noted the raise of Plaintiff's annual base salary from

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6356396_1

Two Hundred Eighty Thousand Dollars ($280,000.00) to Three Hundred Fifty Thousand Dollars ($350,000.00).

18. The Agreement provided a specific protocol for termination "for cause" and a different one for termination "without cause". Both included a prerequisite requirement of *written notice* and the former included an opportunity to cure any claimed deficiencies in performance.

19. As a material inducement to Plaintiff to accept his newly expanded position, the Agreement also provided Plaintiff with the protection of deferred compensation in the event of his termination without cause.

20. More specifically, the deferred compensation prescribed by the Agreement consisted of Plaintiff's annual base salary and benefits for a six (6) month "Continuation Period", a pro-rata payment of his earned performance bonus, and the vesting of his options scheduled to vest over the 24-month period post-termination (all together, the "Deferred Compensation"). In addition, Defendant also had to pay Plaintiff at that time for any unused, accrued vacation ("Vacation Payout").

21. Moreover, the Agreement made clear that nothing in the Agreement "impact[ed] [Plaintiff's] current participation in the 2018 performance based program which w[ould] continue with the target level of performance-based bonus at 50% of Base Salary as prorated for adjustments in 2018."

22. Before the ink barely dried on the Agreement, on November 6, 2018, Defendant invited Plaintiff to attend a meeting of the Board of Directors where, without any warning—let alone the contractually mandated written notice—Defendant orally terminated Plaintiff on the spot "without cause." Defendant did not—because it could not—expound further upon the

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

reason(s) for Plaintiff's termination despite Plaintiff's request for an explanation. Rather, Defendant simply assured Plaintiff that his termination was not reflective of Plaintiff's job performance, but instead, it was driven by the Board of Director's decision 'to move in a different direction.'[1]

23. Defendant did not properly terminate Plaintiff *in writing* in accordance with the Agreement until December 21, 2018. Yet, Defendant ceased all payments to Plaintiff immediately as of November 6, including his annual base salary that was to be paid bi-monthly, for the period between November 6, 2018 and December 21, 2018 ("Unpaid Salary").

24. Furthermore, without basis, Defendant has failed and refused to pay, and otherwise has communicated an intention indefinitely to withhold from Plaintiff his contractually prescribed Deferred Compensation, Vacation Payout and Unpaid Salary.[2]

25. The Agreement explicitly mandates that in the event that a dispute arises out of or relating to the Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

26. Plaintiff has made repeated demand for his earned but Unpaid Wages, but Defendant has failed and continues to refuse to pay them, despite no bona fide basis for such refusal.

---

[1] This 'different direction' entailed the appointment of two co-CEOs to replace Plaintiff, one of whom, was Mr. Jundt who had been removed as the Company's CEO nine years earlier.
[2] The Deferred Compensation, Vacation Payout and Unpaid Salary herein collectively shall be referred to as the "Unpaid Wages".

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6356396_1

## COUNT I
(Violation of the Maryland Wage Payment and Collection Law)

27. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

28. At all times relevant hereto, Defendant was an "employer" within the meaning of the Maryland Wage Payment and Collection Law (the "Wage Law"). Md. Code Ann., Labor & Empl., § 3-501(b).

29. Until Defendant terminated Plaintiff in writing on December 21, 2018, Plaintiff was Defendant's "employee" within the meaning of the Wage Law.

30. Plaintiff earned each component of his Unpaid Wages, including his Deferred Compensation, the Vacation Payout and the Unpaid Salary for his performance of work before his employment terminated, all of which constitute "wages" under the Wage Law. Md. Code Ann., Labor & Empl., § 3-501(c).

31. Notwithstanding the termination of Plaintiff's employment, Defendant was, and is, required to pay to Plaintiff any unpaid Deferred Compensation, Vacation Payout and Unpaid Salary on or before the day on which Defendant would have paid them had Defendant not terminated Plaintiff's employment. Defendant, however, has failed to pay Plaintiff for any of these categories of his Unpaid Wages.

32. Defendant's failure and refusal to comply with its obligations under the Wage Law was/is not due to any bona fide dispute, and therefore was/is willful and not in good faith. Plaintiff therefore is entitled to collect up to three times the amount of his wages owed, which total is expected at least to exceed Nine Hundred Thousand Dollars ($900,000.00).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiff, James Kuhn, respectfully requests entry of judgment in his favor and against Defendant, Kona Grill, Inc., in an amount that exceeds $75,000.00 but that does not exceed three (3) times the principal Unpaid Wages owed, plus pre-judgment interest, post-judgment interest; an award of Plaintiff's reasonable attorneys' fees and costs; and an award of such other and further relief as the Court deems just and proper.

## COUNT II
(Breach of Contract)

33. Plaintiff adopts herein by reference paragraphs 1 through 32 above as if fully set forth herein.

34. On or about September 4, 2018, Plaintiff and Defendant entered into the Agreement, pursuant to which Defendant agreed to continue to pay Plaintiff for the remainder of 2018, his annual base salary of Three Hundred Fifty Thousand Dollars ($350,000.00), in addition to performance-based bonuses and other fringe benefits. While Defendant did not properly terminate Plaintiff *in writing* until December 21, 2018, Defendant nevertheless ceased all compensation to Plaintiff as of November 6, 2018.

35. In the event that Defendant terminated Plaintiff without cause, Defendant was bound to pay to Plaintiff what amounts to "Deferred Compensation," consisting of, among other components, six (6) months of his annual base salary and a pro-rata payment of the portion of his earned performance-based bonus. Defendant further was bound to remunerate Plaintiff for his Vacation Payout.

36. Despite Plaintiff's performance of work on behalf of Defendant as the Company's Chief Operating Officer, Chief Executive Officer and President, Defendant has failed and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6356396_1

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable in this civil action.

/s/
_____
Jeffrey M. Schwaber

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6356396_1

refused to pay Plaintiff his Unpaid Wages to which he is due. Defendant therefore materially has breached the Agreement as construed by applicable law.

37. Defendant's material breaches of the Agreement proximately have caused Plaintiff to suffer substantial harm and damages, as more fully claimed herein, in an amount expected at least to exceed Three Hundred Thousand Dollars ($300,000.00).

WHEREFORE, Plaintiff, James Kuhn, respectfully requests entry of judgment in his favor and against Defendant, Kona Grill, Inc., in an amount that exceeds $75,000.00, plus pre-judgment interest and post-judgment interest; an award of Plaintiff's reasonable attorney's fees and costs; and an award of such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____/s/_____
Jeffrey M. Schwaber #06095
jschwaber@steinsperling.com
301-354-8110 (facsimile)
25 West Middle Lane
Rockville, MD 20850
301-340-2020

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9

6356396_1